E-filing

ORIGINAL
FILED
AUG - 1 2007
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
    GUY N. HALGREN, Cal. Bar No. 115732
3   SAMANTHA D. HARDY, Cal. Bar No. 199125
    MATTHEW S. DENTE, Cal. Bar No. 241547
4   EMILY N. SEYMOUR, Cal. Bar No. 240414
    501 West Broadway, 19th Floor
5   San Diego, California 92101-3598
    Telephone:   619-338-6500
6   Facsimile:   619-234-3815
    ghalgren@sheppardmullin.com
7   shardy@sheppardmullin.com
    mdente@sheppardmullin.com
8   eseymour@sheppardmullin.com

9   Attorneys for Defendant
    THE PEPSI BOTTLING GROUP, INC.

10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                                              ADR

14  JOSE CASTELLANOS,                Case No.  C07-03961

15              Plaintiff,

16        v.                         (1) DEFENDANT THE PEPSI
                                     BOTTLING GROUP, INC.'S NOTICE OF
17  THE PEPSI BOTTLING GROUP, AND    REMOVAL OF ACTION PURSUANT
    DOES 1 THROUGH 100, INCLUSIVE,   TO 28 U.S.C. SECTIONS 1332(d)
18                                   (CLASS ACTION FAIRNESS ACT) AND
              Defendants.            1441(a)-(c);
19
                                     (2) DECLARATION OF PETER FISHER
20                                   IN SUPPORT THEREOF; AND

21                                   (3) DECLARATION OF DAVID
                                     YAWMAN IN SUPPORT THEREOF.
22
                                     FILE BY FAX
23

24

25

26

27

28

-1-

W02-WEST:1EMS1\400377043.1                    DEFENDANT THE PEPSI BOTTLING
                                              GROUP, INC.'S NOTICE OF REMOVAL

## NOTICE OF REMOVAL OF ACTION

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant The Pepsi Bottling Group, Inc. (erroneously sued as "The Pepsi Bottling Group") (hereinafter, "PBG") hereby removes <u>Jose Castellanos v. The Pepsi Bottling Group and Does 1 through 100</u> (Alameda County Superior Court Case Number RG07332684) to the United States District Court for the Northern District of California on the grounds set forth below:

1.      On June 26, 2007, plaintiff Jose Castellanos ("Plaintiff") filed his Complaint with the Superior Court of the State of California for the County of Alameda, entitled <u>Jose Castellanos v. The Pepsi Bottling Group and Does 1 through 100</u> (Alameda County Superior Court Case Number RG07332684). A true and correct copy of the Complaint is attached hereto as Exhibit A and is incorporated by reference. Exhibit A contains all process, pleadings, and orders served on PBG in accordance with 28 U.S.C. § 1446(a).

2.      Defendant PBG answered the Complaint on July 31, 2007. A true and correct copy of PBG's Answer is attached hereto as Exhibit B and is incorporated by reference.

3.      This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, Pub. L. No. 109-2, 119 Stat. 14 (2005) and 28 U.S.C. §§ 1332(d)(2) and 1441, on the grounds that it is a putative civil class action between citizens of different states, the alleged putative class consists of more than 100 persons, and the amount in controversy exceeds $5 million exclusive of interests and costs.

-2-

DEFENDANT THE PEPSI BOTTLING GROUP, INC.'S NOTICE OF REMOVAL

4.    PBG is informed and believes that Plaintiff is, and at all relevant times was, a resident and citizen of the State of California. (Complaint, ¶ 2.) Defendant PBG is, and at all relevant times was, a corporation incorporated in the State of Delaware, with its principal place of business in the State of New York. (Declaration of David Yawman ("Yawman Decl."), ¶ 2.)

5.    The citizenship of Defendants sued under fictitious names is disregarded for removal purposes. See 28 U.S.C. § 1441(a).

6.    Venue is proper in this Court under 28 U.S.C. § 1391(a).

7.    The Complaint alleges that the class consists of "several hundred or more PBG employees geographically dispersed throughout California". (Complaint, ¶ 13.)

8.    Plaintiff's Complaint purports to allege claims on behalf of: "All current and former hourly employees of PBG in the State of California from four years preceding the filing of this Complaint." (Complaint, ¶ 12.) The Complaint alleges claims for: (1) compensation for failure to provide meal periods and accurate wage statements as required under the governing I.W.C. wage order and Labor Code Secs. 226, 226.7 and 512 (Complaint, ¶ ¶ 20-29); (2) compensation for failure to provide rest periods and accurate wage statements as required under the governing I.W.C. wage order and Labor Code Secs. 226 and 226.7 (Complaint, ¶ ¶ 30-37); (3) failure to pay minimum wage under Labor Code Secs. 1194, 1194.2 and 1197 (Complaint, ¶ ¶ 38-44); (4) failure to make timely payment under Labor Code Secs. 201, 202 and 226 (Complaint, ¶ ¶ 45-48); and (5) unfair competition under Business and Professions Code § 17200 (Complaint, ¶ ¶ 49-57). Plaintiff seeks damages in the form of wages, penalties, declaratory relief, punitive damages, attorneys fees, pre- and post-judgment interest, restitution and injunctive relief.

-3-

1       9.    Without conceding liability for any of Plaintiff's claims in this action,

2  the amount in controversy in this action far exceeds the $5 million jurisdictional threshold

3  of 28 U.S.C. § 1332(d)(2), exclusive of interests and costs. The Complaint alleges that

4  Plaintiff seeks to represent all current and former "hourly employees" from June 26, 2003

5  to the present. (Complaint, ¶ 12.) Plaintiff is employed by PBG as a Dispatchable Bay

6  Driver in California. (Declaration of Peter Fisher ("Fisher Decl."), ¶ 2). Currently, PBG

7  employs over 1,000 drivers in the State of California.[1] (Fisher Decl., ¶ 3). Plaintiff's

8  current hourly rate as a driver is $19.15 per hour. (Fisher Decl., ¶ 4.) Consequently,

9  should Plaintiff prevail on all claims in this action, the amount in controversy would

10  exceed $5,000,000. This assumes Plaintiff could represent only drivers; the class as plead

11  would be even larger.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  [1]  There are at least 1000 individuals currently employed by PBG in California in

27  driver positions. (Fisher Decl., ¶ 3.) Because Plaintiff purports to represent former
drivers as well, any class certified in this case will exceed 1000 individuals.

28

-4-

DEFENDANT THE PEPSI BOTTLING
GROUP, INC.'S NOTICE OF REMOVAL

1          10.     PBG first received the Complaint through service of process on

2    July 2, 2007.  See Exhibit A.  This Notice is timely filed in accordance with 28 U.S.C. §

3    1446(b), since less than thirty (30) days have elapsed since PBG first received the pleading

4    setting forth the claim for relief upon which this removal is based.

5

6    Dated:  August 1, 2007

7                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

8

9                    By _____

10                            GUY N. HALGREN
                              SAMANTHA D. HARDY
11                            MATTHEW S. DENTE
                              EMILY N. SEYMOUR
12

13                            Attorneys for Defendant THE PEPSI BOTTLING
                                         GROUP, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

W02-WEST:1EMS1\400377043.1                           DEFENDANT THE PEPSI BOTTLING
                                                     GROUP, INC.'S NOTICE OF REMOVAL

# EXHIBIT "A"



# SUMMONS ORIGINAL
**(CITACION JUDICIAL)**



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Pepsi Bottling Group ("PBG") and DOES 1 Through 100, inclusive

**FILED**
**ALAMEDA COUNTY**
JUN 2 6 2007
By _____

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Jose Castellanos, and other members of the general public similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of Alameda County<br>Rene C. Davidson Courthouse<br>1225 Fallon Street<br>Oakland, CA 94612 | **CASE NUMBER:**<br>*(Número del Caso):*<br>RG07332680 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Glugoski (SBN 191551)     TEL: (415)983-0900
Righetti Law Firm, P.C.        FAX: (415)397-9005
456 Montgomery Street, Suite 1400
San Francisco, CA 94104

DATE: _____ PAT S. SWEETEN Clerk, by _____, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465



CM-010

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*: | | **FOR COURT USE ONLY** |

COPY

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Matthew Righetti {SBN 121012}
John Glugoski (SBN 191551)
Righetti Law Firm, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
TELEPHONE NO.: (415)983-0900    FAX NO.: (415)397-9005
ATTORNEY FOR *(Name)*: Jose Castellanos
SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: Rene C. Davidson Courthouse
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Complex Civil Litigation

CASE NAME: Castellanos v. Pepsi Bottling Group

**FOR COURT USE ONLY**
ENDORSED
FILED
ALAMEDA COUNTY

JUN 2 6 2007

CLERK OF THE SUPERIOR COURT
BY YASMIN SINGH, Deputy

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: RG07332684 |
|---|---|---|
| ☐ Unlimited  ☒ Limited<br>(Amount<br>demanded<br>exceeds $25,000) (Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 1811)* | JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | *(Cal. Rules of Court, rules 1800–1812)* |
| ☐ Uninsured motorist (46) | ☐ Collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Insurance coverage (18) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Other contract (37) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | **Real Property** | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Eminent domain/inverse | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | condemnation (14) | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | types (41) |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | **Enforcement of Judgment** |
| ☐ Civil rights (08) | ☐ Commercial (31) | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Residential (32) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ RICO (27) |
| ☐ Intellectual property (19) | **Judicial Review** | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Writ of mandate (02) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☒ Other employment (15) | | |

**2.** This case ☒ is  ☐ is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☒ Large number of separately represented parties   d. ☒ Large number of witnesses
b. ☒ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
  issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
c. ☒ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

**3.** Type of remedies sought *(check all that apply)*:
a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☒ punitive

**4.** Number of causes of action *(specify)*:

**5.** This case ☒ is  ☐ is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015)*.
Date: June 25, 2007

Matthew Righetti (SBN 121012)
(TYPE OR PRINT NAME)


(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2006] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>&. Plus | Cal. Rules of Court, rules 201.8, 1800–1812;<br>Standards of Judicial Administration, § 19 |
|---|---|---|---|



COPY

ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| Castellanos v. Pepsi Bottling Group | |

### CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[ ✓ ] Oakland, Rene C. Davidson Alameda County Courthouse (446)  
[ ] Hayward Hall of Justice (447)  
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
|---|---|---|---|---|
| | | | | Is this an uninsured motorist case?  [ ] yes  [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ✓ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial  Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential  of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs  [ ] Yes  [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)  A-13

ORIGINAL



1   Matthew Righetti {SBN: 121012}
    John Glugoski {SBN: 191551}
2   RIGHETTI LAW FIRM, P.C.
    456 Montgomery Street, Suite 1400
3   San Francisco, CA 94104
    Tel: (415) 983-0900
4   Fax:(415) 397-9005

5   Attorneys for Plaintiff.

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                                 COUNTY OF ALAMEDA

10

11  JOSÉ CASTELLANOS,                     ) CLASS ACTION
                                          )
12                 Plaintiffs,            ) COMPLAINT
                                          )
13           vs.                          ) No.  RG07332684
                                          )
14  THE PEPSI BOTTLING GROUP, AND         ) 1.  Failure to Provide Mandated Meal
15  DOES 1 THROUGH 100, INCLUSIVE,        )     Periods
                                          ) 2.  Failure to Authorize/Permit Mandated
16                 Defendants.            )     Rest Periods
                                          ) 3.  Failure to Pay Minimum Wage
17                                        ) 4.  Failure to Make Payments Within the
                                          )     Required Time
18                                        ) 5.  Violation of B & P § 17200, et seq.
                                          ) 6.  Labor Code Section 2698, et seq.
19                                        )     (PAGA)
20
                                            DEMAND FOR JURY TRIAL
21

22

23

24  Plaintiff Jose Castellanos (Castellanos) by his attorneys, brings this action on behalf of himself, all

25  other persons similarly situated and the general public hereby alleges as follows:

26                         PARTIES, JURISDICTION AND VENUE

27       1.      This class action is brought pursuant to Section 382 of the California Code of Civil

28  Procedure. The monetary damages and restitution sought by Plaintiff will be established according

CLASS ACTION COMPLAINT              -1-

1    to proof at trial. The claims of individual class members, including Plaintiff, are under the
2    $75,000 jurisdictional threshold for federal court. For example, a class member who was or has
3    been employed for a relatively brief period could never reasonably be expected to receive a
4    recovery of $75,000 or more. In addition, there is no federal question at issue, as all the issues
5    related to payment wages alleged herein are based solely on California law and statutes, including
6    the Labor Code, Civil Code, Code of Civil Procedure, and Business and Professions Code.

7        2.    Plaintiff Jose Castellanos is a California resident and natural person and is an
8    hourly employee of The Pepsi Bottling Group. Plaintiff is informed and believes and on that basis
9    alleges that Defendants The Pepsi Bottling Group ("PBG") is and at all times material herein
10   mentioned is a corporation doing business in the State of California and within the County of
11   Alameda. PBG has approximately thirty manufacturing, packaging and/or distribution locations in
12   the State of California. At least two of these locations are located within Alameda County.
13   Accordingly, at least some of the acts complained of herein occurred in Alameda County.

14       3.    PBG relies on a direct distribution system ("DSD") to get its products to market.
15   PBG employees transport and deliver products to retail outlets, build product displays, and order
16   product for retail customers. Hourly employees are part of this distribution practice and are thus
17   vital to Defendants' operations.

18       4.    The names and capacities of defendants sued herein under California Code of Civil
19   Procedure Section 474 as Does 1 through 100, inclusive, are presently not known to Plaintiff, who
20   therefore sues these Defendants by such fictitious names. Plaintiff will seek to amend this
21   Complaint and include these Doe Defendants' names and capacities when they are ascertained.
22   Each of the fictitiously named Defendants is responsible in some manner for the conduct alleged
23   herein and for the injuries suffered by Plaintiff, the members of the Class and the general public.

24       5.    At all times herein mentioned each of the Defendants sued as DOE was the agent
25   and the employee of each of the remaining Defendants and was at all times acting within the
26   purpose and scope of such agency and employment.

27       6.    At all times mentioned in the causes of action alleged herein, each and every
28   Defendant was an agent and/or employee of each and every other Defendant. In doing the things

CLASS ACTION COMPLAINT                -2-

1   alleged in the causes of action stated herein, each and every Defendant was acting within the
2   course and scope of this agency or employment and was acting with the consent, permission and
3   authorization of each of the remaining Defendants. All actions of Defendants as alleged in the
4   causes of action stated herein were ratified and approved by every other Defendant or their
5   officers or managing agents.

## FACTS APPLICABLE TO ALL CLAIMS

6
7       7.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth
8   in the preceding paragraphs.

9       8.    This action alleges that Defendants failed to pay its California employees
10  compensation for work without meal and break periods in violation of California Labor Code
11  Section 226.7 and applicable Industrial Welfare Commission Orders. The action also alleges that
12  Defendants failed to pay California employees for all hours worked in violation of California
13  Labor Code Section 1194 and applicable Industrial Welfare Commission Orders.

14      9.    This action seeks relief for un-remedied violations of California law, including,
15  *inter alia*; damages, and/or restitution, as appropriate, to members of the Class, and to victims of
16  the practices at issue, who have not received compensation for labor provided without rest or meal
17  period breaks, who have failed to receive accurate wage statements and who have not been paid
18  for all hours worked.

19      10.   Plaintiff Castellanos is an adequate and proper class representative. Plaintiff
20  Castellanos brings this action in his individual capacity, on behalf of all others similarly situated,
21  and pursuant to California Business and Professions Code Section 17204, on behalf of the general
22  public. Plaintiff Castellanos was employed by PBG within four years from the filing of the
23  complaint and was paid on an hourly basis. As an employee of PBG, Plaintiff Castellanos was
24  required to work without meal and rest period breaks. In addition, he was required to work but was
25  not paid for all hours worked. Defendants failed to provide Plaintiff Castellanos, and all other
26  similarly situated PBG, California employees, with off-duty rest and meal period breaks, and
27  failed to provide Castellanos and all others similarly situated California employees with an

28

CLASS ACTION COMPLAINT                    -3-

1    accurate statement of wages.  Further, Defendants failed to pay Mr. Castellanos for all hours

2    worked.

3    11.    Defendants are, and at all relevant times were, employers under applicable

4    California Industrial Welfare Commission Orders.

5    <u>CLASS ACTION ALLEGATIONS</u>

6    12.    Plaintiff brings this case as a class action pursuant to California Code of Civil

7    Procedure Section 382. This action seeks relief on behalf of a class of persons in the employ of

8    Defendants in California between four years preceding the filing of the compliant and the present:

9    **All current and former hourly employees of PBG in the State of California**

10    **from four years preceding the filing of this Complaint ("the Class").**

11

12    13.    The Class is sufficiently numerous, since it is estimated to include several hundred

13    or more PBG employees geographically dispersed throughout California, the joinder of whom in

14    one action is impracticable, and the disposition of whose claims in a class action will provide

15    substantial benefits to both the parties and the Court.

16    14.    There is a well-defined community of interest in the questions of law and fact

17    involved affecting the parties to be represented. The questions of law and fact common to the

18    Class predominate over questions that may affect individual class members, including but not

19    limited to the following:

20    a.    Whether PBG implemented and engaged in a systematic practice whereby it

21    unlawfully failed to authorize, permit and/or provide hourly employees rest

22    and meal period breaks, respectively, and failed to pay employees for either

23    meal breaks and/or rest breaks worked as required by law;

24    b.    Whether PBG implemented and engaged in a systematic practice

25    whereby it failed to provide accurate wage statements to California hourly

26    employees;

27    c.    Whether PBG implemented and engaged in a systematic practice

28    whereby it unlawfully failed to pay hourly employees for all hours worked

as required by law;

d. Whether the systematic acts and practices of PBG as alleged herein violated, *inter alia*, applicable provisions of the California Labor Code, including but not limited to, Sections 226, 226.7, 512, 1194, 1194.2, 1197, and 2698, and applicable Industrial Welfare Commission Orders, and California Business and Professions Code Section 17200, et seq.

15.     Because Plaintiff worked on a daily and weekly basis, and was routinely required to work through both meal and rest breaks on a daily basis, for which Plaintiff was not properly compensated, required to perform work for Defendants for which he was not properly compensated and failed to receive timely and accurate wage statements, Plaintiff is asserting claims that are typical of the claims of the Class.

16.     Plaintiff will fairly and adequately represent and protect the interests of the Class in that he has no disabling conflict of interest that would be antagonistic to those of the other members of the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action wage and hour violations.

17.     Because Plaintiff and the members of the Class have all similarly suffered irreparable harm and damages as a result of PBG's unlawful and continuously wrongful conduct, including but not limited to PBG's systematic failure to provide for rest and meal period breaks, systematic failure to pay for meal and break periods worked, and systemic failure to pay all wages owed for all hours worked, class treatment is especially appropriate. Because the hours worked and employment circumstances by PBG employees and Class members follow common patterns, all of which are reflected in the records possessed by PBG, this action will provide substantial benefits to both. Absent this action, PBG's unlawful conduct will continue un-remedied and uncorrected.

18.     Class action treatment is superior to any other available alternatives to ensure that fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a lager number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of efforts and expense that numerous

1   individuals would entail. No difficulties are likely to be encountered in the management of this

2   class action that would preclude its maintenance as a class action, and no superior alternative

3   exists for the fair and efficient adjudication of this controversy. The Class members are readily

4   identifiable from Defendants' records.

5       19.   Defendants' wrongful and unlawful conduct has been widespread, recurring and

6   uniform at their California stores. Defendants knew or should have known that their hourly

7   employees, including Plaintiff and the members of the Class, were not being provided with their

8   earned rest and meal breaks as required by law. Absent a class action, Defendants will likely

9   continue their wrongdoing resulting in further damage to Plaintiff and members of the Class.

10                          **FIRST CAUSE OF ACTION**

11          **(Failure To Provide Meal Period Breaks And Accurate Wage**

12   **Statements Pursuant To IWC Wage Orders, California Labor Code Sections 226, 226.7, 512)**

13      20.   Plaintiff re-alleges and incorporates by reference each and every allegation set forth

14   in the preceding paragraphs.

15      21.   Labor Code Section 226.7(a) provides, "No employer shall require any employee to

16   work during any meal or rest period mandated by an applicable order of the Industrial Welfare

17   Commission."

18      22.   Industrial Welfare Commission Order No. 7-2001(11)(c) provides in relevant part,

19   "Unless the employees is relieved of all duty during a 30 minute meal period, the meal period shall

20   be considered an 'on duty' meal period and counted as time worked."

21      23.   Labor Code Section 512, which provides in relevant part:

22

23   Meal periods

24   An employer may not employ an employee for a work period of more
25   than five hours per day without providing the employee with a meal
     period of not less than 30 minutes, except that if the total work period
26   per day of the employee is no more than six hours, the meal period my
     be waived by mutual consent of both the employer and employee. An
27   employer may not employ an employee for a work period of more than
28   10 hours per day without providing the employee with a second meal

period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

24. During all relevant periods, Defendants illegally and unlawfully required Plaintiff Castellanos and members of the Class to work through meal periods.

25. During all relevant periods, both the California Labor Code and the pertinent wage orders required that Plaintiff Castellanos and Class members be compensated for the meal periods for which PBG required Plaintiff and Class members to work. PBG failed to compensate Plaintiff and Class members for meal periods worked as required by law. Plaintiff and Class members are entitled to recover their unpaid compensation arising there from.

26. By unlawfully requiring Plaintiff and Class members to work without meal breaks and in failing to properly compensate Plaintiff and Class members for the meal periods they worked as alleged herein, PBG acted in willful, oppressive and conscious disregard of Plaintiff and Class members' statutory and regulatory right to meal periods and compensation.

27. Plaintiff and the other members of the Class are therefore entitled to the relief requested below.

28. As a result of the unlawful acts of Defendants, Plaintiff and the Class members have been deprived of meal periods, and are entitled to recovery under Labor Code Section 226.7(b) in the amount of one addition hour of pay at the employee's regular rate of compensation for each work day that a meal period was not provided.

29. Defendants have acted with malice, oppression, and/or in conscious disregard for the legal rights of Plaintiff and the Class members by failing to provide them with their full meal periods as required by California law. Defendants' actions are also in blatant violation of California law and public policy concerning the provision of meal breaks. Punitive damages are therefore warranted to deter Defendants' wrongful and egregious conduct.

///

///

CLASS ACTION COMPLAINT                    -7-

## SECOND CAUSE OF ACTION

### (Failure To Provide Rest Period Breaks And Accurate Wage Statements
### Pursuant To IWC Wage Orders, California Labor Code Sections 226, 226.7)

30.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

31.    Labor Code Section 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

32.    Industrial Welfare Commission Order No. 7-2001 (12)(A) authorizes employees to take rest periods based on the total hours worked daily at the rate of ten minutes rest per four hours or major fraction thereof. During all relevant periods, Defendants illegally and unlawfully failed to authorize or permit Castellanos and Class members to take off duty rest breaks as required by law.

33.    During all relevant periods, both the California Labor Code and the pertinent wage orders required that Plaintiff Castellanos and Class members be compensated for the rest periods for which PBG required Plaintiff and Class members to work. PBG failed to compensate Plaintiff and Class members for rest periods worked as required by law. Plaintiff and Class members are entitled to recover their unpaid compensation arising there from.

34.    By unlawfully requiring Plaintiff and Class members to work without rest breaks and in failing to properly compensate Plaintiff and Class members for the rest periods they worked as alleged herein, PBG acted in willful, oppressive and conscious disregard of Plaintiff and Class members' statutory and regulatory right to rest periods and compensation.

35.    As a result of the unlawful acts of Defendants, Plaintiff and the Class members have been deprived of rest breaks, and are entitled to recovery under Labor Code Section 226.7(b) in the amount of one addition hour of pay at the employee's regular rate of compensation for each work day that a rest period was not provided.

36.    Defendants have acted with malice, oppression, and/or in conscious disregard for the legal rights of Plaintiff and the members of the Class by failing to provide them with their full

rest periods as required by California law. Defendants' actions are also in blatant violation of California law and public policy concerning the provision of meal breaks. Punitive damages are therefore warranted to deter Defendants' wrongful and egregious conduct.

37.   Plaintiff and the other members of the class are therefore entitled to the relief requested below.

### THIRD CAUSE OF ACTION
**(Failure to Pay Minimum Wage**
**Violation of Labor Code Sections 1194, 1194.2, 1197)**

38.   Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

39.   The Class Period for this cause of action is three years (June, 2004 to the present).

40.   Labor Code Section 1197 provides, "the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

41.   Labor Code Section 1194 provides in relevant part that any employee receiving less than the legal minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorneys' fees, and costs of suit.

42.   Labor Code Section 1194.2 provides in relevant part that: "In any action under ... Section 1194 to recover wages because of a payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

43.   As alleged herein, Defendants required Plaintiff and the Class members to work without compensating them for all hours worked and denied Plaintiff and the Class members' meal

CLASS ACTION COMPLAINT                    -9-

and/or rest breaks in violation of California law. By these actions, Defendants violated Labor Section 1197 and is liable to Plaintiffs and the class.

44.    As a result of the unlawful acts of Defendants, Plaintiff and the Class members have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, including interest thereon, attorneys' fees, costs, and any other damages as set forth under California Law.

### FOURTH CAUSE OF ACTION
### (Failure to Make Payment Within the Required Time: California Labor Code Sections 201, 202, 226)

45.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

46.    California Labor Code Section 201 provides in relevant part, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

47.    California Labor Code Section 202 provides in relevant part, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

48.    As alleged herein, Defendants failed to pay earned wages to Plaintiff and the Class who are former employees of Defendants at the time they became due and payable. Thus, Defendants violated Cal. Labor Code Sections 201 and 202.

///

///

///

CLASS ACTION COMPLAINT                    -10-

## FIFTH CAUSE OF ACTION

### (Unlawful, Unfair And Fraudulent Business Practices Pursuant To Business And Professions Code Section 17200, *et seq.*)

49.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

50.    Business and Professions Code Section 17200, et seq. prohibits acts of unfair competition, which shall mean and include any "unlawful business act or practice."

51.    Labor Code Section 90.5(a) states it is the public policy of California to enforce vigorously minimum standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

52.    The policies, acts and practices heretofore described were and are an unlawful business acts or practices because PBG's failure to provide rest and meal period breaks, failure to pay compensation for work without rest and meal period breaks, and failure to provide accurate and timely wage statements violates applicable Labor Code sections, including but not limited to Labor Code Sections 226, 226.7, 512, 1194, 1194.2, 1197, and 1198, applicable Industrial Welfare Commission Wage Orders, the Labor Code Private Attorney General Act of 2004, Labor Code Section 2698 *et. seq.*, and other provisions of California common and/or statutory law. Plaintiff reserves the right to allege additional statutory and common law violations by Defendants. Such conduct is ongoing to this date.

53.    Defendants engaged in unfair competition in violation of Business and Professions Code Section 17200, *et seq.*, by violating, *inter alia*, each of the following:

    a.    Causes of Action One through Five stated above;

    b.    Cal. Labor Code Sections 201, 202;

CLASS ACTION COMPLAINT                    -11-

c.    Cal. Labor Code Sections 226, 226.7;

d.    Cal. Labor Code Section 512;

e.    Cal. Labor Code Section 1194 *et. seq.*;

f.    Cal. Labor Code Sections 1197, 1998, and;

g.    California IWC Orders Nos. 7-1997 *et. seq.* through 2-2001 *et. seq.*

54.    Defendants' course of conduct, act and practice in violation of the California laws mentioned in each paragraph above constitute separate and independent violations of Section 17200 *et. seq.* of the California Business and Professions Code.

55.    The policies, acts or practices described herein were and are an unfair business act or practice because any justifications for PBG's illegal and wrongful conduct were and are vastly outweighed by the harm such conduct caused plaintiffs, the class members, and the members of the general public. Such conduct is ongoing to this date.

56.    The harm to Plaintiff and the Class in being wrongfully denied earned wages and meal and rest breaks outweighs the utility if any, of Defendants' policies/practices, and therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of Business and Professions Code Section 17200.

57.    Plaintiff and the other members of the Class are therefore entitled to the relief requested below.

## SIXTH CAUSE OF ACTION
### PRIVATE ATORNEY GENERALS ACT OF 2004
#### (As Against All Defendants)

58.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs. This cause of action is plead by all Plaintiffs, against all Defendants.

59.    The California Labor Code "Private Attorney Generals Act of 2004" ("the Act") is codified at Labor Code sections 2699-2699.5. Labor Code section 2699.3(a)(2)(C) provides that

notwithstanding any other provisions of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under the Act, within sixty (60) days of the time periods provided therein. Plaintiff hereby alleges that they have, to the extent necessary to support any or all of the causes of action and/or requests for relief as alleged herein, complied with the applicable notice provisions of the Act, and obtained permission as described in the Act to commence and continue with this private action. Plaintiff is informed and believes and based on such information and belief alleges that he and the class are entitled to recover penalties for violations of the labor code as prayed for herein.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff and the Class pray for judgment and relief as follows:

1. An order the this action may proceed and be maintained as a class action;

2. On the First and Second Causes of Action:

    a.   A declaratory judgment that Defendants have violated Labor Code Sections 226.7, 512, and the IWC Order Nos. 7-1997 *et seq.* through 7-2001 *et seq.*;

    b.   Pursuant to Labor Code Section 226.7, an award to Plaintiff and the Class of an additional hour of pay at the rate of the employee's regular rate of compensate for each work day that a meal and/or rest break was not provided;

    c.   Pursuant to Labor Code Section 218.6, an award of all accrued interest from the date that the wages were due and payable at the interest rate specified in subdivision (b) or Section 3289 of the Civil Code; and

    d.   An aware to Plaintiffs and the Class members of reasonable attorneys' fees and costs pursuant to Labor Code Section 218.5; and

    e.   For punitive damages.

3. For the Third Cause of Action:

CLASS ACTION COMPLAINT                    -13-

a. A declaratory judgment that Defendants have violated Labor Code Sections 1194, 1194.2 and 1197;

b. An aware to Plaintiffs and the Class of damages for the balance of unpaid compensation, including interest thereon, and penalties subject to proof;

c. An award to Plaintiffs and the Class of reasonable attorneys' fees and costs pursuant to Labor Code Section 1194;

d. Pursuant to Labor Code Section 218.6, an award of all accrued interest from the date that the wages were due and payable at the interest rate specified in subdivision (b) or Section 3289 of the Civil Code; and

4. For the Fourth Cause of Action:

a. A declaratory judgment that Defendants have violated Labor Code Sections 201 and 202;

b. An award to Plaintiffs and the Class who are former hourly-paid employees of continuing wages as a penalty from the due date thereof at the same rate until paid or until this action was commenced; but for no more than 30 days;

c. Pursuant to Labor Code Section 226, an award to Plaintiffs and the Class of actual damages as well as an award of costs and reasonable attorneys' fees; and

5. For the Fifth Cause of Action:

a. Ordering Defendants, their agents, servants and employees, and all persons acting, directly or indirectly, in concert with them, to restore and disgorge all funds to each member of the Class acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and therefore constitute unfair competition under Section 17200 *et. seq.* of the Business and Professions Code;

CLASS ACTION COMPLAINT                    -14-

b.  For injunctive relief pursuant to Business and Professions Code Section 17203, consisting of *inter alia*: (1) a declaration that Defendants have engaged in unlawful and unfair and fraudulent business acts and practices in violation of California Business and Professions Code Section 17200 *et. seq.*; (2) a preliminary and/or permanent injunction enjoining Defendants and their respective successors, agents, servants, officers, directors, employees and all persons acting in concert with them from pursuing the policies, acts and practices complained of herein and prohibiting Defendants from continuing such acts of unfair and illegal business acts and practices; and

c.  Restitution, including, but not limited to, the relief permitted by the California IWC Order Nos. 7-1997 through 7-2001 *et. seq.*

6.  For the Sixth Cause of Action:

a.  Civil penalties pursuant to California Labor Code Sections 226, 226.7, 512, 1194, 1194.2, 1197, and 2698.

7.  For an award of attorneys' fees and costs;

8.  Pre- and post-judgment interest; and

9.  Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Date: June 20 , 2007                    RIGHETTI LAW FIRM, P.C.

                                        By: _____
                                            John Glugoski
                                            Attorneys for Plaintiff

CLASS ACTION COMPLAINT                  -15-