# EXHIBIT "B"

```
 1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
 2     Including Professional Corporations
    GUY N. HALGREN, Cal. Bar No. 115732
 3  SAMANTHA D. HARDY, Cal. Bar No. 199125
    MATTHEW S. DENTE, Cal. Bar No. 241547
 4  EMILY N. SEYMOUR, Cal. Bar No. 240414
    501 West Broadway, 19th Floor
 5  San Diego, California 92101-3598
    Telephone:  619-338-6500
 6  Facsimile:  619-234-3815
    ghalgren@sheppardmullin.com
 7  shardy@sheppardmullin.com
    mdente@sheppardmullin.com
 8  eseymour@sheppardmullin.com

 9  Attorneys for THE PEPSI BOTTLING GROUP, INC.
```

ENDORSED
FILED
ALAMEDA COUNTY

JUL 3 1 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| JOSE CASTELLANOS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE PEPSI BOTTLING GROUP, and DOES 1 through 100, INCLUSIVE,<br><br>　　　　　Defendant. | Case No. RG07332684<br><br>**CLASS ACTION**　　**VIA FAX**<br><br>Assigned to: Hon. Bonnie Sabraw, Dept. 22<br><br>DEFENDANT THE PEPSI BOTTLING GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT<br><br>[Complaint Filed: June 26, 2007]<br><br>Trial Date: None Set |

W02-WEST:1EMS1\400367949.1　　　　COPY　　　DEFENDANT THE PEPSI BOTTLING GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: BRENDA SOUTH (MD 7S-49)
THE PEPSI BOTTLING GROUP
1 PEPSI WAY
SOMERS, NY 10589

SOP Transmittal # CA49864

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Defendant: THE PEPSI BOTTLING GROUP, INC.
(Entity Served)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 2 day of July, 2007. The following is a summary of the document(s) received:

1. Title of Action: Jose Castellanos, et al. v. Pepsi Bottling Group, et al.

2. Document(s) served:
   - X Summons
   - X Complaint
   - _ Petition
   - _ Garnishment
   - _ Subpoena
   - _ Third Party Complaint
   - _ Demand for Jury Trial
   - _ Default Judgement
   - _ Injunction
   - _ Notice of Mechanics Lien
   - _ Other:

3. Court of Jurisdiction/ Alameda County Superior Court, Rene C. Davidson Courthouse
   Case & Docket Number: RG07332684

4. Amount Claimed, if any: Please See Attached

5. Method of Service (select one):
   - _ Personally served by:
   - _ Delivered Via:
   - _ Process Server
   - _ Certified Mail
   - _ Deputy Sheriff
   - _ Regular Mail
   - _ U.S Marshall
   - _ Facsimile
   - X Other (Explain): FedEx

6. Date and Time of Service: 7/2/2007 1:15:43 PM PST (GMT -8)

7. Appearance/Answer Date: 30 Days

8. Plaintiff's Attorney: John Glugoski
   (Name, Address & Telephone Number) Righetti Law Firm, PC
   456 Montgomery Street, Suite 1400
   San Francisco, CA 94104
   (415) 983-0900

9. Federal Express Airbill # 798710154711

10. Call Made to: Not required

11. Special Comments:

NATIONAL REGISTERED AGENTS, INC.    Copies To:

Transmitted by: Dena LaPorta



The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

### ACKNOWLEDGEMENT COPY

Defendant The Pepsi Bottling Group, Inc. ("PBG" or "Defendant") (erroneously sued herein as "The Pepsi Bottling Group"), for itself and no other defendant, answers the unverified complaint ("Complaint") of Plaintiff Jose Castellanos ("Plaintiff") as follows:

Pursuant to the provisions of Code of Civil Procedure § 431.30, Defendant denies generally and specifically, conjunctively and disjunctively, each and every allegation contained in the Complaint.

Defendant further answers the Complaint, and each and every purported cause of action stated therein, by denying that Plaintiff has sustained, or will sustain any damages in any sum, by reason of any fault, act or omission on the part of Defendant.

AND FOR ITS AFFIRMATIVE DEFENSES TO THE COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN, DEFENDANT ALLEGES:

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

Neither the Complaint, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE
(Failure to Join Necessary Parties)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, as a result of Plaintiff's failure to join necessary parties to the action.

## THIRD AFFIRMATIVE DEFENSE

(Laches)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

(Statutes of Limitations)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff is estopped by his conduct from asserting the causes of action upon which he seeks relief.

## SIXTH AFFIRMATIVE DEFENSE

(Waiver)

The Complaint and each purported cause of action alleged therein are barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff has or had unclean hands with respect to the matters alleged in the Complaint and is therefore barred from recovering any relief on the Complaint or any purported cause of action alleged therein.

## EIGHTH AFFIRMATIVE DEFENSE

(Consent)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, because Plaintiff consented to the conduct about which he now complains.

## NINTH AFFIRMATIVE DEFENSE

(Misrepresentations)

Defendant is informed and believes, and on that basis alleges, that Plaintiff's causes of action are barred, in whole or in part, by misrepresentations made by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

(No Willful Failure to Pay)

Plaintiff cannot recover waiting time penalties because any alleged failure to pay wages was based on a good faith dispute regarding the applicable law or facts.

## ELEVENTH AFFIRMATIVE DEFENSE

(No Loss/Unjust Enrichment)

Plaintiff has not suffered any loss and Defendant has not been unjustly enriched as a result of any action or inaction of Defendant or its agents. Plaintiff is therefore not entitled to any disgorgement or restitution.

## TWELFTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, because Plaintiff failed to exhaust his administrative remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Comparative Fault)

The damages, if any, allegedly sustained by Plaintiff were proximately caused or contributed to, in whole or in part, by the negligence or other culpable conduct of persons other than Defendant, including, without limitation, Plaintiff, thereby requiring that the comparative fault of all such persons be determined and apportioned.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Superseding Cause of Harm)

Plaintiff's damages, if any, resulted from the acts or omissions of third parties. The acts or omissions of these third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiff, and said third parties should bear the responsibility of compensating Plaintiff for said damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff has failed to mitigate his losses, if any, and as a result of such failure, any award must be reduced, excused, and/or discharged.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Justification And Privilege)

Defendant cannot be liable for any alleged violation of California Business and Professions Code Section 17200, *et seq.* because its actions, conduct and dealings with its employees were lawful, and were carried out in good faith and for legitimate business purposes.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Plaintiff Not Competent)

Some or all of Plaintiff's causes of action fail in whole or in part because Plaintiff is not competent to bring the claims on behalf of other parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Res Judicata)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the doctrine of res judicata.

## NINETEENTH AFFIRMATIVE DEFENSE

(Collateral Estoppel)

The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the doctrine of collateral estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

(Unconstitutionality of Punitive Damages)

Plaintiff's prayer for punitive damages is unconstitutional because it violates the due process clause of the Fourteenth Amendment to the Constitution of the United States and/or Section 7 of Article I of the Constitution of the State of California.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Unconstitutionality of Punitive Damages)

Plaintiff's prayer for punitive damages is unconstitutional because it violates the excessive fines clause of the Eighth Amendment to the Constitution of the United States and/or Section 17 of Article I of the Constitution of the State of California.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Federal Law Preemption)

Some or all of Plaintiff's causes of action are preempted by federal law, including but not limited to the Motor Carrier Act, 49 U.S.C. 31502, the Motor Carrier Safety Act, 49 U.S.C. § 31136, and the Fair Labor Standards Act, § 7(i).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Labor Management Relations Act Preemption)

Some or all of Plaintiff's causes of action are barred and/or preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(National Labor Relations Act Preemption)

Defendant is informed and believes, and thereon alleges, that Plaintiff's Complaint and some or all of the causes of action contained therein are preempted by the National Labor Relations Act, which vests jurisdiction over some or all of the causes of action with the National Labor Relations Board.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Under Collective Bargaining Agreement)

The Complaint is barred and this Court has no jurisdiction over the subject matter of the Complaint, nor over the subject matter of any of the purported causes of action alleged therein, because Plaintiff has failed to exhaust the exclusive contractual remedies and internal grievance procedures which are set forth in a collective bargaining agreement between Plaintiff's employer and the union that represented Plaintiff.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Failure to Arbitrate Under Collective Bargaining Agreement)

The Complaint is barred and this Court has no jurisdiction over the subject matter of the Complaint, nor over the subject matter of any of the purported causes of action alleged therein, because the controversies alleged in the Complaint and in each cause of action therein are subject to a written agreement to arbitrate contained in a collective bargaining agreement between Plaintiff's employer and the union that represented Plaintiff.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(State Law Preemption and Exemption)

Some or all of Plaintiff's causes of action are barred and/or preempted by state law, including but not limited to the motor carrier exemption, the outside sales exemption, the commission sales exemption and/ or the collective bargaining agreement exemption.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Setoff/Offset/Recoupment)

Some or all of Plaintiff's purported causes of action in the Complaint are subject to setoff, offset, and/or recoupment.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Full Performance)

Plaintiff is not entitled to any relief because Defendant has performed all statutory, contractual, and other obligations.

Defendant presently has insufficient knowledge and information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative

-7-

1  defenses available. Defendant reserves the right to assert additional affirmative defenses
2  in the event discovery or investigation indicates it would be appropriate.
3
4  WHEREFORE, Defendant prays for judgment as follows:
5
6     1.  That Plaintiff takes nothing by his Complaint;
7
8     2.  That Defendant be awarded all of its costs and attorneys' fees incurred
9  herein; and
10
11    3.  That the Court award such other and further relief as it deems just and
12 proper.
13
14 Dated: July 30, 2007
15                                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
16
17                          By    /s/ S. Hardy
18                                    GUY N. HALGREN
                                      SAMANTHA D. HARDY
19                                    MATTHEW S. DENTE
                                      EMILY N. SEYMOUR
20
21                                    Attorneys for Defendant THE PEPSI BOTTLING
                                      GROUP, INC.
22
23
24
25
26
27
28

W02-WEST:1EMS1\400367949.1

-8-

DEFENDANT THE PEPSI BOTTLING GROUP, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

```
 1 │ SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   │   A Limited Liability Partnership
 2 │   Including Professional Corporations
   │ GUY N. HALGREN, Cal. Bar No. 115732
 3 │ SAMANTHA D. HARDY, Cal. Bar No. 199125
   │ MATTHEW S. DENTE, Cal. Bar No. 241547
 4 │ EMILY N. SEYMOUR, Cal. Bar No. 240414
   │ 501 West Broadway, 19th Floor
 5 │ San Diego, California 92101-3598
   │ Telephone:  619-338-6500
 6 │ Facsimile:  619-234-3815
   │ ghalgren@sheppardmullin.com
 7 │ shardy@sheppardmullin.com
   │ mdente@sheppardmullin.com
 8 │ eseymour@sheppardmullin.com
 9 │ Attorneys for THE PEPSI BOTTLING GROUP, INC.
```

**ENDORSED FILED**
ALAMEDA COUNTY
JUL 31 2007
CLERK OF THE SUPERIOR COURT
By Trisha Perry, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| JOSE CASTELLANOS, | Case No. RG07332684 |
| Plaintiff, | **CLASS ACTION**  **VIA FAX** |
| v. | Assigned to: Hon. Bonnie Sabraw, Dept. 22 |
| THE PEPSI BOTTLING GROUP, and DOES 1 through 100, INCLUSIVE, | PROOF OF SERVICE |
| Defendant. | [Complaint Filed: June 26, 2007] |
| | Trial Date: None Set |

COPY

W02-WEST:1RMS1\400314380.1                                    PROOF OF SERVICE

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego; I am over the age of eighteen years and not a party to the within entitled action; my business address is 501 West Broadway, 19th Floor, San Diego, California 92101-3598.

On **July 31, 2007**, I served the following document(s) described as **DEFENDANT THE PEPSI BOTTLING GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Matthew Righetti, Esq.
John Glugoski, Esq.
RIGHETTI LAW FIRM, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone: 415-983-0900
Facsimile: 415-397-9005

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 619-234-3815. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 31, 2007**, at San Diego, California.

_____
Cindi Petruzzo

W02-WEST:1EMS1\400384380.1

-2-

PROOF OF SERVICE