1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
    GUY N. HALGREN, Cal. Bar No. 115732
3   SAMANTHA D. HARDY, Cal. Bar No. 199125
    MATTHEW S. DENTE, Cal. Bar No. 241547
4   501 West Broadway, 19th Floor
    San Diego, California 92101-3598
5   Telephone:   619-338-6500
    Facsimile:   619-234-3815
6   ghalgren@sheppardmullin.com
    shardy@sheppardmullin.com
7   mdente@sheppardmullin.com

8   Attorneys for Defendant
    THE PEPSI BOTTLING GROUP, INC.
9

10  RIGHETTI LAW FIRM, P.C.
    JOHN GLUGOSKI, Cal. Bar No. 191551
11  456 Montgomery Street, Suite 1400
    San Francisco, CA 94104
12  Telephone: 415-983-0900
    Facsimile: 415-397-9005
13  jglugoski@righettilaw.com

14  Attorneys for Plaintiff
    JOSE CASTELLANOS
15

16              UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18                SAN FRANCISCO DIVISION

19

20  JOSE CASTELLANOS,                    Case No. c 07-03961 WHA

21          Plaintiff,                   [Complaint Filed:  June 26, 2007]

22      v.                               **JOINT CASE MANAGEMENT
                                         CONFERENCE STATEMENT OF
23  THE PEPSI BOTTLING GROUP, AND        DEFENDANT THE PEPSI BOTTLING
    DOES 1 THROUGH 100, INCLUSIVE,       GROUP, INC. AND PLAINTIFF JOSE
24                                       CASTELLANOS**
            Defendants.
25                                       Date:      November 1, 2007
                                         Time:      11:00 a.m.
26                                       Crtrm:     9

27

28

1   Defendant The Pepsi Bottling Group, Inc. ("PBG") and Plaintiff Jose Castellanos
2   ("Plaintiff") (collectively "the Parties") hereby submit the following Joint Case
3   Management Conference Statement in accordance with the Standing Order for All Judges
4   of the Northern District of California.

5

6   1.    JURISDICTION AND SERVICE

7

8   PBG's Position:  PBG believes jurisdiction exists under the Class Action Fairness
9   Act.  PBG believes the allegations in the Complaint describe claims that would exceed five
10  million dollars, if those allegations were true.  This is true even excluding the purported
11  class members who already released their claims pursuant to two other related class actions
12  that have been resolved (see cases described in No. 10, below).  However, PBG denies the
13  allegations in the Complaint are true.

14

15  Plaintiff's Position:  This case was filed in Alameda County alleging violations of
16  California law.  Defendant removed the case to this court under the Class Action Fairness
17  Act.  At the time this case was filed Plaintiff was unaware of other pending cases raising
18  issues also alleged in this case (see cases described in No. 10, below).  In light of the
19  related cases and the pending settlement, Plaintiffs believe this case will not have a
20  residual value anywhere near the CAFA threshold of five million dollars.

21

22  The Parties agree that no issues exist regarding personal jurisdiction or venue and
23  no parties remain to be served.

24

25  2.    FACTS

26

27  Plaintiff alleges PBG failed to provide meal periods and rest breaks to certain non-
28  exempt employees who work within PBG's Direct Store Delivery ("DSD") system and

-1-

failed to pay these employees for all hours worked.  The Complaint alleges these claims on behalf of all employees within the DSD system, but per No. 10 below, portions of this purported class were settled as part of two other class action suits.

The principal factual issues in dispute are whether and to what extent members of the purported class did not receive all meal periods and rest breaks to which they were entitled and whether and to what extent members of the purported class were not paid for all hours worked.

Should final approval be granted in the related cases, then the claims remaining in this lawsuit will be claims for meal period and rest break penalties and claims for unpaid hours worked on behalf of a putative class of relief salespeople and drivers, non-exempt salespeople, and special events workers.

3.    LEGAL ISSUES

The primary disputed point of law will be whether employers are required only to make meal periods available to employees, or whether employers are required to ensure employees take them.  Labor Code § 226.7 states in pertinent part "If an employer fails to *provide* an employee a meal period or rest period … the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."  Cal. Labor Code § 226.7 (emphasis added).  Currently, there is a split between one state court and one federal district court on the issue of what it means to "provide" an employee with a meal period.  In Cicairos v. Summit Logistics, Inc., 133 Cal. App. 4th 949 (2005), the court stated that employers have and affirmative obligation to ensure that workers are actually relieved of all duty.  133 Cal. App. 4th at 963.  However, in White v. Starbucks Corp., 497 F. Supp. 2d 1080 (N.D. Cal. 2007), the Honorable Vaughn Walker disagreed with the Court of Appeal decision in

-2-

1 | <u>Cicairos</u> and held that under sections 512(a) and 226.7, "the California Supreme Court …
2 | would require only that an employer offer meal breaks, without forcing employers actively
3 | to ensure that workers are taking these breaks," and stated that "the employee must show
4 | that he was forced to forego his meal breaks as opposed to merely showing that he did not
5 | take them regardless of the reason." 497 F. Supp. 2d at 1088-1089.
6 |
7 | There may also be a legal dispute as to how many payments Labor Code § 226.7
8 | provides per day for missed meal periods and rest breaks. Plaintiff seeks an extra hour of
9 | pay under § 226.7 for each day a meal period was not provided, and also seeks an
10 | additional hour of pay under § 226.7 for each day PBG failed to authorize and permit
11 | Plaintiff to take a rest break. The Parties dispute whether or not Plaintiff may recover
12 | multiple payments under § 226.7 for missed meal and rest breaks in the same day. PBG's
13 | position is that the plain language of the statute limits Plaintiff's recovery to one additional
14 | hour of pay per day regardless of how many missed meal periods and rest breaks occurred
15 | in that day. <u>See</u> Cal. Labor Code § 226.7 (employee is entitled to "<u>one</u> additional hour of
16 | pay … <u>for each work day</u> that the meal or rest period is not provided.") (Emphasis added)).
17 |
18 | 4.    <u>MOTIONS</u>
19 |
20 | There are no prior or pending motions.
21 |
22 | PBG believes jurisdiction does exist under CAFA. Plaintiff believes that no subject
23 | matter jurisdiction exists under CAFA. If Defendant does not agree to remand the case to
24 | State Court, or make a verified showing the matter in controversy exceeds five million
25 | dollars, then Plaintiff expects to file a motion to remand.
26 |
27 | Upon resolution of jurisdictional issues and completion of necessary discovery on
28 | class certification issues, Plaintiff anticipates filing a motion for class certification.

W02-WEST:DSH\400489453.5
c 07-03961 WHA

1    If discovery disputes arise then motions may be necessary on such issues. Typical
2  disputes in this arena involve discoverability of purported class member names and contact
3  information.

4

5    PBG does not at this time anticipate filing any motions. However, if the parties do
6  not reach settlement, as they anticipate, PBG may file a motion, for example a motion for
7  summary adjudication on what it means to "provide" a meal period, as outlined above.

8

9  5.    AMENDMENT OF PLEADINGS

10

11    At this point neither PBG nor the Plaintiff anticipates amending the pleadings.
12  However, both Parties reserve their right to do so.

13

14  6.    EVIDENCE PRESERVATION

15

16    PBG has instituted a broad litigation hold to ensure both hard copy documentary
17  evidence and electronic documents and data are preserved. This litigation hold covers the
18  entire limitations period alleged in the Complaint and all DSD employees covered by the
19  allegations in the Complaint. It includes interdiction of all relevant documents – and
20  cessation of all destruction programs and ongoing erasures of e-mails, voice mails, and
21  other electronically-recorded materials.

22

23  7.    DISCLOSURES

24

25    The Parties have agreed to exchange Fed. R. Civ. P. 26 initial disclosures prior to
26  the November 1 Case Management Conference.

27

28

W02-WEST:DSH\400489453.5
c 07-03961 WHA

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT

1   8.    DISCOVERY

2

3        No discovery has been served to date.

4

5        The Parties anticipate initially an informal exchange of information, followed by

6   any necessary discovery.

7

8        The Parties have discussed attempting to settle this case prior to the Plaintiff filing a

9   motion for class certification.  However, if Plaintiff were to file such a motion, the Parties

10  reserve the right to ask the Court to modify discovery limits in order to allow for the taking

11  of more depositions.

12

13  9.    CLASS ACTIONS

14

15       If the Parties are unsuccessful in settling this action, they anticipate Plaintiff will

16  file a motion for class certification.

17

18  10.   RELATED CASES

19

20       On August 31, 2007, PBG filed its Notice of Pendency of Other Action or

21  Proceeding in accordance with Local Rule 3-13.  There are two related cases:

22

23       1.    Brett M. Goodman, Mario C. Mayorga, and Jaime J. Carmona v. The Pepsi

24  Bottling Group, Inc. and New Bern Transport Corp., Superior Court for the State of

25  California, County of Ventura (Case No. CIV 241341) (herein "Goodman").  The original

26  Goodman complaint was filed on May 26, 2006.  The Goodman plaintiffs sought to

27  represent a class of "all persons employed by [PBG] in the position of Route or Delivery

28  Driver [delivery drivers] in the State of California (or persons with the equivalent position

-5-

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT

however titled)…"  The Goodman plaintiffs alleged that during the four year period preceding the filing of their complaint, PBG (1) failed to provide delivery drivers with meal periods and rest breaks as required by California law; (2) failed to correctly compensate deliver drivers for all hours worked, including for overtime and minimum wages, as required by California law; (3) failed to provide properly itemized wage statements to delivery drivers; and (4) engaged in unfair, unlawful, or fraudulent business practices and unfair competition based on the aforementioned violation.  After engaging in significant litigation, discovery, and negotiations, PBG and the Goodman plaintiffs reached settlement.  On August 15, 2007, the Goodman plaintiffs moved for preliminary approval of the settlement, and on August 28, 2007, Judge Steven Hintz of the California Superior Court for the County of Ventura granted preliminary approval of that settlement. Notice has been sent to all class members in the Goodman action and the hearing on final approval of the settlement is set for December 3, 2007.

2.    Andres O'campo and Frank DeMera v. The Pepsi Bottling Group, Inc. and Bottling Group, LLC, United States District Court for the Central District of California, Southern Division (Case No. SACCV07-866 CJC JCx).  On July 3, 2007, the O'campo plaintiffs filed a class action lawsuit on behalf of all PBG Merchandisers.  Like the Goodman plaintiffs, the O'campo plaintiffs assert that PBG (1) failed to provide merchandisers with meal periods and rest breaks as required by California law; (2) failed to correctly compensate merchandisers for all hours worked, including overtime wages, as required by California law; (3) failed to provide merchandisers with properly itemized wage statements; and (4) engaged in unfair, unlawful, or fraudulent business practices and unfair competition based on the aforementioned failures.  PBG and the O'campo plaintiffs informally exchanged a significant amount of information concerning PBG's merchandisers, as well as information pertaining to the Goodman class action.  After numerous meetings and extensive negotiation, PBG and the O'campo plaintiffs reached settlement.  The O'campo plaintiff's Motion for Preliminary Approval of Settlement is

-6-

1   currently pending before the United States District Court for the Central District of

2   California.

3

4       As both the Goodman and O'campo classes include as class members individuals

5   who also fit within the definition of the class alleged by the Plaintiff in this matter, this

6   class action will be significantly narrowed by the settlements in Goodman and O'campo.

7

8   11.    RELIEF

9

10      Plaintiff's complaint seeks the following:

11

12      (1)    An order permitting the action to proceed as a class action;

13

14      (2)    With respect to Plaintiff's first cause of action for missed meal periods: (i)

15             declaratory judgment that PBG violated the law; (ii) an additional hour of

16             pay under Cal. Labor Code § 226.7 for each missed meal period; (iii)

17             accrued interest; (iv) attorneys fees; and (v) punitive damages.

18

19      (3)    With respect to Plaintiff's second cause of action for missed rest breaks: (i)

20             declaratory judgment that PBG violated the law; (ii) an additional hour of

21             pay under Cal. Labor Code § 226.7 for missed rest periods; (iii) accrued

22             interest; (iv) attorneys fees; and (v) punitive damages.

23

24      (4)    With respect to Plaintiff's third cause of action for failure to pay minimum

25             wage: (i) declaratory judgment that PBG violated the law; (ii) unpaid

26             compensation, interest and penalties thereon; (iii) attorneys fees; and (iv)

27             interest.

28

-7-

1    (5)    With respect to Plaintiff's fourth cause of action for failure to timely pay

2            wages: (i) declaratory judgment that PBG violated the law; (ii) waiting time

3            penalties in the form of 30 days wages; and (iii) actual damages, reasonable

4            attorneys fees and costs.

5

6    (6)    With respect to Plaintiff's fifth cause of action under California's Business

7            and Professions Code: (i) an order of disgorgement; (ii) injunctive relief;

8            and (iii) restitution.

9

10    (7)    With respect to Plaintiff's sixth cause of action under California's Private

11            Attorney Generals Act, Plaintiff seeks civil penalties.

12

13        Plaintiff contends damages would be calculated as follows: Penalties for missed

14    meal periods and/or rest breaks would be calculated at a rate of one hour of pay per

15    penalty. Any damages for unpaid hours worked would be calculated in accordance with

16    the employees' hourly rates, and/or overtime rates, if applicable.

17

18    12.    SETTLEMENT AND ADR

19

20        As noted above, two cases have recently been settled regarding identical claims for

21    very similar groups of employees. As such, PBG believes that most of the necessary

22    factual investigation has been done in those cases and PBG intends to share the results of

23    that investigation with Plaintiff. PBG's attorneys have worked with Plaintiff's attorneys in

24    other cases involving similar issues and the Parties have reason to believe that this action

25    should settle, likely without assistance. However, if the Parties are unable to settle without

26    assistance, they agree that either private or court-ordered mediation would be the most

27    appropriate form of ADR.

28

W02-WEST:DSH\400489453.5
c 07-03961 WHA

1  13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

2

3        The Parties will not consent to have a magistrate judge conduct all further

4  proceedings, including trial and entry of judgment.

5

6  14.    OTHER REFERENCES

7

8        The Parties do not believe any other references are appropriate.

9

10  15.    NARROWING OF ISSUES

11

12        As noted above, Plaintiff's purported class was narrowed by settlements in the

13  Goodman and O'campo cases.

14

15        The Plaintiffs do not believe any additional narrowing of issues is possible.

16

17  16.    EXPEDITED SCHEDULING

18

19        An expedited schedule would not be appropriate in this case.

20

21  17.    SCHEDULING

22

23        The Parties believe they may be able to settle this matter and would like the Court

24  to consider scheduling matters to allow them to fully explore settlement.  To that end, the

25  Parties propose the following deadlines:

26

27        Designation of experts relating to class certification: March 1, 2008

28

-9-

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT

1    Class certification motion to be filed: May 1, 2008

2

3    Discovery cut-off:  January 15, 2009

4

5    Other dispositive motions to be filed: March 15, 2009

6

7    Designation of trial experts: April 2009

8

9    Pretrial conference: June 2009

10

11    Trial: June 2009

12

13    18.    TRIAL

14

15        Plaintiff demanded a jury trial.  The Parties estimate a trial would last

16    approximately two weeks.

17

18    19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

19

20        Plaintiff will file his certification of interested persons shortly.  On August 1, 2007,

21    PBG filed its "Certification of Interested Entities or Persons" required by Civil Local

22    Rule 3-16.  PBG's certification states as follows:

23

24    "Pursuant to Local Rule 3-16, and to enable the Court to evaluate possible
     disqualification or recusal, the undersigned counsel for Defendant The Pepsi Bottling
25    Group, Inc. (erroneously sued as "The Pepsi Bottling Group") (herein "PBG") certifies
     that the following persons or entities may have a pecuniary interest in the outcome of
26    this case:
27
     1.        Plaintiff Jose Castellanos
28

-10-

1    2.            Defendant The Pepsi Bottling Group, Inc.

2    3.            PepsiCo, Inc.

3    4.            Bottling Group, LLC

4    5.            New Bern Transport Corporation

5    Pursuant to FRCP 7.1, the undersigned counsel for PBG certifies that the following are
     PBG's corporate parents and publicly held corporations that own 10% or more of PBG's
6    stock:

7    The Pepsi Bottling Group, Inc. is a publicly traded company with approximately 60%
     of its stock owned by the public and approximately 40% of its stock owned by
8    PepsiCo, Inc.

9

10       PepsiCo, Inc. is a publicly traded company."

11

12   20.    OTHER

13

14       As noted above, the Parties believe that due to the recent settlement of two related

15   cases, they will be able to settle this action relatively quickly and inexpensively.

16

17

18

19   Dated:  October 25, 2007

20                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

21

22                      By        /s/ Samantha Hardy
23                                 GUY N. HALGREN
                                   SAMANTHA D. HARDY
24                                 MATTHEW S. DENTE

25                          Attorneys for Defendant THE PEPSI BOTTLING
26                                   GROUP, INC.

27

28
                                        -11-

1 | Dated:  October 25, 2007

2 |                          RIGHETTI LAW FIRM, P.C.

3 |

4 |

5 |                          By      /s/ John Glugoski
                                         JOHN GLUGOSKI

6 |
                              Attorneys for Plaintiff JOSE CASTELLANOS
7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

-12-