

501 West Broadway | 19th Floor | San Diego, CA 92101-3598
619-338-6500 *office* | 619-234-3815 *fax* | **www.sheppardmullin.com**

Writer's Direct Line: 619-338-6640
shardy@sheppardmullin.com

November 26, 2007

Our File Number: 0YHD-132012

*VIA E-FILING*

Honorable William Alsup
United States District Court
Northern District of California
450 Golden Gate
San Francisco, CA 92101-3598

Re: <u>Jose Castellanos v. The Pepsi Bottling Group, Inc.</u>

Your Honor:

      I write in response to Plaintiff's request for a discovery conference regarding Defendant The Pepsi Bottling Group, Inc.'s ("PBG") FRCP Rule 26 disclosures.

      As a preliminary matter, PBG is unclear why Plaintiff has sought a discovery conference at this time. On the morning of November 19, 2007, Counsel for Plaintiff and PBG agreed to stipulate to remand this matter to state court. At the time of removal, PBG believed it was objectively reasonable to conclude the damages Plaintiff sought would be in excess of $5 million, meeting the CAFA requirement for removal to federal court. Since that time, Plaintiff has repeatedly claimed the damages will be below the $5 million threshold and threatened to file a Motion to Remand. In fact, in the Parties' Joint Case Management Conference Statement, Plaintiff stated "Plaintiffs believe this case will not have a residual value anywhere near the CAFA threshold of five million dollars" and stated his intention to file such a motion if PBG did not agree to remand the case to state court. Based on these statements, PBG agreed jurisdiction does not now exist and did not exist at the time of removal, and agreed on November 19, 2007 to stipulate to remand the case to state court.

      Mr. Glugoski, counsel for Plaintiff, subsequently informed me he thought he was more likely to obtain class member information in federal court than state court, had reconsidered the remand, and preferred to fight the discovery battles in federal court. This strategic decision on Plaintiff's part, however, does not impact his prior assertions that CAFA's jurisdictional minimum is not met. I attempted to reach Mr. Glugoski to discuss both the jurisdictional issue and the discovery issues, both before and after he submitted his request for a discovery conference, to no avail. Our correspondence regarding this issue is attached as Exhibit "A." PBG believes the issue of this court's jurisdiction must be resolved before any discovery issues can be addressed.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Hon. William Alsup
November 26, 2007
Page 2

Regarding discovery, Plaintiff's counsel states in his letter to the Court that he repeatedly asked for the names and contact information of witnesses, including the putative class members, but "Defendant has refused to engage in any substantive discussion at all." Respectfully, that representation of our correspondence is simply inaccurate. PBG timely complied with this Court's Rule 26 Order, disclosing the names of all of the individuals PBG believed it would use to support its defenses or rebut Plaintiff's claims. Plaintiff, however, demanded and continues to demand the names and addresses of all the putative class members.

Plaintiff's request is premature. We contacted Plaintiff's counsel and explained that, at this juncture, only Jose Castellanos is a party to the action. We attempted to cooperate with Plaintiff and supplied an amended disclosure listing all the potential groups of employees who may possess information and knowledge relevant to issues of class certification so that Plaintiff could effectively frame his discovery requests. PBG does not at this time know whether it will use testimony from putative class members and, if so, the identities of any such class members. In accordance with FRCP Rule 26(e), PBG intends to supplement its initial disclosures if and when it learns the identities of any additional witnesses on whose testimony it intends to rely.

It is hornbook law that courts generally refuse to allow discovery of putative class members' identities at the precertification stage because many plaintiffs' attorneys simply use this request as a pretext to conduct "fishing expeditions"—seeking such information to identify potential new clients, rather than to establish the appropriateness of certification. Schwarzer, Tashima, and Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial Ch. 10-C § 10:742 (The Rutter Group 2007); *citing Hatch v. Reliance Insurance Co.*, 758 F.2d 409, 416 (9th Cir. 1985).

In his letter to this Court, Plaintiff's counsel states that our goal "is to make it impossible for Plaintiff to figure out the identity of the witnesses." That is not our goal. Our goal is to comply with the Court's orders, but at the same time, protect the privacy interests of our client's employees.

Plaintiff's counsel cites *Wilbur Jimenez, et al. v. Domino's Pizza*, 2006 U.S. Dist. LEXIS 66510 (C.D. Cal. 2006), for the proposition that he should have unbridled access to the names and addresses of anyone he chooses. First, in *Jimenez*, the plaintiff had moved to compel after the defendant responded to special interrogatories with boilerplate objections. Plaintiff did not afford PBG the opportunity to respond to Plaintiff's discovery requests before seeking intervention from this Court. Second, in *Jimenez*, the litigation involved only the former and current General Managers of defendant's Los Angeles restaurants. The court found the information sought was therefore "specific and limited." Here, the information Plaintiff seeks is virtually unlimited, and would make available to him the names and contact information of over a thousand current and former PBG employees.

After discussing the privacy rights of the affected employees at length, the *Jimenez* court engaged in a balancing test—balancing the limited scope of the Plaintiff's requests

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Hon. William Alsup
November 26, 2007
Page 3

against the potential invasion of privacy those requests would necessitate. With such limited requests, the court found that the information could be disclosed, with appropriate safeguards.

The California Constitution provides an "inalienable right" to privacy that shields against the unjustifiable, compelled disclosure of confidential contact information. *See Planned Parenthood Golden Gate v. Sup. Ct.*, 83 Cal. App. 4th 347, 360-67 (2000) (citing U.S. Supreme Court and California case law recognizing the privacy interest in home addresses and telephone numbers). The balance discussed above favors privacy for confidential employee information absent a showing of compelling need and that the information cannot be obtained through less obtrusive means. *See Harding Lawson Assoc. v. Superior Court*, 10 Cal. App. 4th 7, 10 (1992).

Plaintiff seeks addresses and telephone numbers for the sole purpose of writing to, calling, or meeting with Defendant's current and former employees. Clearly, contacting someone in his or her home invades the zone of privacy to an even greater degree than simply obtaining information about them. Plaintiff and Plaintiff's counsel have not shown that they need to communicate with every current and former employee holding the position of CR-Relief Sales, CR-Relief, CR-2 Person Bulk, Driver Relief/Relief Driver, Special Events Sales & Delivery, and any individuals involved with supervising those positions or engaged in human resources in relation to those positions. Further, if Plaintiff truly needs every individual's name to prove his case, that simply proves his case is not amenable to class treatment.

Finally, Plaintiff claims in his letter that we have not provided any of the documents identified in the Rule 26 disclosure. We have discussed this issue with Plaintiff's counsel—Rule 26 mandates we provide the documents <u>or a list</u> of the documents. We provided Plaintiff with a list. It is then Plaintiff's right to propound formal discovery to examine those documents, which Plaintiff has done. It is premature to seek intervention from the Court before PBG has had a chance to respond to that discovery. *See* Advisory Committee Notes, 1993 Amendments to Rule 26; *White v. School Board of Hillsborough County*, (M.D. Fla. June 28, 2007); *Sizemore v. Wal-Mart Stores, Inc.*, (S.D. Tex. June 16, 2006).

PBG respectfully requests the Court consider both the issues raised in Plaintiff's letter and the threshold issue of this court's jurisdiction at the scheduled conference.

Respectfully,

/s/

Samantha D. Hardy

for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

W02-WEST:8MGR1\400535004.1

cc: John Glugoski (via fax & electronic mail)

# Exhibit A

# Samantha Hardy

**From:** Samantha Hardy
**Sent:** Wednesday, November 21, 2007 9:59 AM
**To:** 'John Glugoski'
**Cc:** Guy Halgren
**Subject:** Castellanos

John,

When we last spoke Monday evening, you indicated you had a call you needed to take and would call me back Tuesday morning. Instead of doing so, you sent your discovery conference request to Judge Alsup. I attempted to reach you and was told by your office you would call me back yesterday afternoon. I did not hear from you, and called again this morning. I was told you were out until Monday, and when I explained I had been trying to reach you for two days, was told you were en route and perhaps would be able to call me later.

I have a proposal regarding the class list issue I would like to speak to you about. Please call me as soon as you are able.

Thank you,
Samantha

Samantha D. Hardy | Sheppard Mullin | 501 W. Broadway, 19th Floor, San Diego, CA 92101
Tel:(619) 338-6640 | F:(619) 234-3815 | Email:shardy@sheppardmullin.com | www.sheppardmullin.com

cc: Castellanos corr

1

# Samantha Hardy

| | |
|---|---|
| **From:** | Samantha Hardy |
| **Sent:** | Monday, November 19, 2007 3:50 PM |
| **To:** | John Glugoski |
| **Cc:** | Guy Halgren |
| **Subject:** | Castellanos - Draft Stip & Order Remanding to State Court |
| **Attachments:** | STIPULATION AND [PROPOSED] ORDER REMANDING CASE TO STATE COURT.DOC¤ |

John,

Attached please find a draft Stipulation and [Proposed] Order remanding the Castellanos matter to state court.

You also asked for a response regarding your Rule 26 issues. We do not intend to provide a full class list at this time. Please let me know if you have any additional questions. As we discussed, it seems to me it would make more sense to file your motion seeking the class list in state court than to file it before the judge we are stipulating does not have jurisdiction. However, you have made your position clear you prefer to file it in District Court contemporaneously with the Stipulation.

Thank you,
Samantha


Samantha D. Hardy | Sheppard Mullin | 501 W. Broadway, 19th Floor, San Diego, CA 92101
Tel:(619) 338-6640 | F:(619) 234-3815 | Email:shardy@sheppardmullin.com | www.sheppardmullin.com

cc: Castellanos

11/21/2007

1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   GUY N. HALGREN, Cal. Bar No. 115732,
3  SAMANTHA D. HARDY Cal. Bar No. 199125
   MATTHEW S. DENTE, Cal. Bar No. 241547
4  501 West Broadway, 19th Floor
   San Diego, California 92101-3598
5  Telephone:    619-338-6500
   Facsimile:    619-234-3815
6  ghalgren@sheppardmullin.com
   shardy@sheppardmullin.com
7  mdente@sheppardmullin.com

8
   Attorneys for Defendant
9  THE PEPSI BOTTLING GROUP, INC.

10

11                UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14

15 | JOSE CASTELLANOS,           | Case No. c 07-03961 WHA
16 |        Plaintiff,           |
17 |   v.                        | **STIPULATION AND [PROPOSED] ORDER REMANDING CASE TO STATE COURT**
18 | THE PEPSI BOTTLING GROUP, AND |
   | DOES 1 THROUGH 100, INCLUSIVE, |
19 |                             | [Complaint Filed: June 26, 2007]
   |        Defendants.          |
20 |                             | Trial Date: November 3, 2008

21

22

23

24         IT IS HEREBY STIPULATED by and between plaintiff Jose Castellanos

25 ("Plaintiff") and defendant The Pepsi Bottling Group, Inc. ("PBG"), through their

26 respective attorneys of record, as follows:

27

28

1        WHEREAS on August 1, 2007, Defendant The Pepsi Bottling Group, Inc., filed a Notice of Removal of Action pursuant to 28 U.S.C. §§ 1332(d) and 1441(a)-(c) with the United States District Court for the Northern District of California;

        WHEREAS, at the time of removal, PBG analyzed Plaintiff's Complaint and determined it would be objectively reasonable to conclude the damages sought would exceed the $5,000,000 amount in controversy requirement for the Class Action Fairness Act ("CAFA");

        WHEREAS, since the time of removal, counsel for Plaintiff and PBG have met several times to discuss this matter, including jurisdictional issues;

        WHEREAS, Plaintiff has represented to PBG the damages being sought are less than $5,000,000;

        WHEREAS, this court may not exercise subject matter jurisdiction over this class action based on CAFA when the matter in controversy is less than $5,000,000, exclusive of interest and costs; and

        WHEREAS, there is no other basis for subject matter jurisdiction over this class action.

        THEREFORE, the parties stipulate as follows:

        1.    Although PBG had an objectively reasonable basis for concluding Plaintiff's Complaint sought damages in excess of $5,000,000 and for removing this matter to the District Court, CAFA's requirements are not met and were not met at the time of removal.

2. This matter will be remanded back to state court.

3. All deadlines and dates for discovery served and depositions noticed while this matter was pending before the District Court will be continued to dates mutually agreeable to Plaintiff and PBG.

DATED: November __, 2007

          THE RIGHETTI LAW FIRM

          By _____
                JOHN GLUGOSKI
                MATT RIGHETTI

          Attorneys for Plaintiffs
          JOSE CASTELLANOS

DATED: November __, 2007

          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

          By    /s/ Guy N. Halgren
                GUY N. HALGREN
                SAMANTHA D. HARDY
                MATTHEW S. DENTE

          Attorneys for Defendant THE PEPSI BOTTLING GROUP, INC.

**ORDER**

IT IS SO ORDERED.

Dated: _____

                                           _____
                                           HON. WILLIAM H. ALSUP